UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

SETSEA SPA,                                          :

                           Plaintiff,               :          07 CV 6230 (DAB)
                                                    :          ECF CASE
       - against -                                  :
                                                    :
SOURCE LINK SHIPPING CO. LTD.,                      :
                                                    :
                           Defendant.               :
---------------------------------------------------------------------X

RECEIVED
NOV 0 1 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED AMENDED COMPLAINT

Plaintiff, SETSEA SPA (hereinafter referred to as "Setsea" or "Plaintiff") by and through

its attorneys, Tisdale Law Offices LLC, as and for its Verified Amended Complaint against the

Defendant, SOURCE LINK SHIPPING CO. LTD. (hereinafter referred to as "Source Link" or

"Defendant"), alleges, upon information and belief, as follows:

     1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

     2.     At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating under foreign law with a principle place of business in Torre del

Greco, Naples, Italy.

     3.     Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity, organized under, and existing by virtue of foreign law with places of

business in the British Virgin Islands and China.

     4.     Pursuant to two Forward Freight "Swap" Agreements respectively dated

December 13, 2006 and January 22, 2007 (hereinafter referred to as the "Agreements") Source

Link agreed to buy and sell Freight Futures with Setsea.

5.    As defined by the Baltic Exchange, Forward Freight Agreements are a "means of hedging exposure to freight market risk through the trading of specified time charter and voyage rates for forward positions. Settlement is against a relevant route assessment published by the Baltic Exchange." The Baltic Exchange is "a membership organization at the heart of the global maritime marketplace" that provides "independent daily shipping market information." *See The Baltic Exchange,* http://www.balticexchange.com. Ocean freight is the charge assessed for the carriage of cargo by a vessel and is one of the most fundamental components of maritime commerce. Freight is considered so integral to the maritime industry that it has been said that "freight earnings are a part of the vessel as much as the ship's tackle." *Rush v. Delaware & Chesapeake S.S. Co.,* 10 Supp. 497, 501 (E.D. Pa. 1935).

6.    Specifically, Setsea and Source link entered into two maritime contracts for the swap of the future value of ocean freight. Both of these contracts specify the type of vessel to be used, the routes upon which said vessels would travel and the duration of the Agreement. The first of these Agreements, dated December 13, 2006, specifies in paragraph one of the contract that the "contract route" is to be the Baltic Panamax Index average of Routes (1A/2A/3A/4)." The second contract, dated January 22, 2007, specifies that the contract route will be the average of "Routes 8, 9, 10 and 11 of the Baltic Capesize Index." In so stating the parties have agreed that only particular ocean routes will be used and that such voyages will be carried out by Panamax and Capesize vessels.

7.    Forward Freight Agreements have been found to be maritime cases entitled to process of maritime attachment in the following cases: Brave Bulk Transport, Ltd. v. Spot On Shipping, Ltd, et al., 07 CV 04546 (CM); C. Transport Panamax Ltd. v. North America Steamships Ltd., a.k.a. N.A.S.L., 06 CV 13178 (RLC); Daeyang Shipping Co. Ltd. v. Navitrans

Maritime Inc., 04 CV 08050 (VM); Deiulemar v. Source Link Shipping Co. Ltd., 07 CV 02983

(SAS); Deiulemar v. Spot On Shipping Ltd., 07 CV 03820 (VM); Eurotrade Inc., Liberia v.

Source Link Shipping Co. Ltd., BVI, 07 CV 3172 (SAS); Pan Oceanic Maritime Inc. v. Source

Link Shipping Co. Ltd., 07 CV 03089 (CM); Perseveranza Di Navigazione S.P.A. v. Source

Link Shipping Co. Ltd., 07 CV 03091 (RPP); Taiwan Maritime Transport Co. Ltd. v. Navitrans

Maritime Inc. and Navigation Maritime Inc., 06 CV 13564 (RJH).

8.     Maritime Jurisdiction is conferred where the contract has "reference to maritime

service or maritime transactions." *Norfolk S. Ry. Co. v. James N. Kirby, Pty Ltd.,* 542 U.S. 14,

24(2004) quoting *North Pacific S.S. Co. v. Hall Brothers Marine Railway & Shipbuilding Co.,*

249 U.S. 119, 125 (1919). Where "the subject matter of the contract relates to a ship in its use as

such, *or to commerce* or to navigation on navigable waters, or to transportation by sea or to

maritime employment it is fairly said to constitute a maritime contract." *Ingersoll Milling Mach.*

*Co. v. M/V BODENA,* 829 F.2d 293, 302 (2d Cir. 1987). There is no requirement that a specific

cargo or a specific vessel be referenced to meet this definition.

9.     Federal Admiralty jurisdiction has been found to exist in comparable cases. For

example, courts in the United States have found that federal maritime jurisdiction exists over

contracts of all types of marine insurance, including, cargo, hull, P&I, etc., see *Simon v.*

*Intercontinental Transport (ICT) B.V.,* 882 F. 2d 1435 (2 d Cir. 1989), *Wilburn Boat Co. v.*

*Fireman's Fund Ins. Co.,* 348 U.S. 310 (1955), as well as to contracts to procure marine

insurance, See, *Romen Inc. v. Price-Forbes,* 824 F. Supp. 206 (S.D. Fla. 1992). Contracts for the

winter storage of boat, on land, which cover the period the boats will not be in navigation, have

been found to be a maritime contract. See *Omaha Indemnity v. Whaleneck Harbor Marina,* 610

F. Supp. 154 (E.D.N.Y. 1985). A lease for the use of ocean containers by a vessel owner on any

3

of the Owner's many vessels, has been found to be maritime even though the containers may have spent less time on the defendant's vessels than on land at the terminals, or in transport by truck, rail or air. See *CTI-Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F. 2d 377 (2d Cir. 1982).

10.    This case is analogous to the United States Supreme Court's recent finding in *Exxon Corp v. Central Gulf Lines,* 500 U.S. 603, that a marine fuel requirement's contract is maritime. *Id.* In *Exxon,* the Court reasoned that a contract for the future sale of fuel oil was maritime in nature because the value of the fuel related to maritime commerce. *Id.* at 613. Importantly, in *Exxon,* the Supreme Court greatly expanded the scope of admiralty jurisdiction for contracts by eliminating the "preliminary services" rule that kept contracts such as these from being conferred admiralty jurisdiction. *Id.* at 608; citing *The Thames,* 10 F. 848 (S.D.N.Y. 1881). In *Exxon Corp.*, the Court found that, not only did admiralty jurisdiction apply to those supplies where Exxon was the physical supplier of the fuel, but also to those contracts where the fuel was provided and delivered by a third party at the request of Exxon. In that case, and as later reiterated by the Supreme Court in *Kirby,* the Court stated: "The 'fundamental interest giving rise to maritime jurisdiction is 'the protection of maritime commerce.' (citing *Exxon, supra*). The conceptual approach vindicates that interest by focusing the court's inquiry on whether the principal objective of a contract is maritime commerce." *Kirby,* at 25. In *Kirby,* the Supreme Court recognized the changes in maritime transportation and commerce which have occurred in recent times from traditional ocean carriage.

11.    Following the reasoning set out in *Exxon,* this Court recently determined that a 'cooperation contract' is a maritime contract because it provides a "shipping management function [that] increase[s] the efficiency and decrease[s] the cost of… shipments of large

quantities of various metals." *See Sea Transport Contractors, Ltd. v. Industries Chemiques du Senegal,* No. 05 Civ. 10271 (RCC), 411 F. Supp.2d 386, 2006 AMC 1076, 1084 (S.D.N.Y. January 24, 2006). In so finding, this Court reasoned, "it is of no moment in the Exxon analysis that STC will seek future charter parties, or act as an agent of ICS in so doing. Indeed STC's contract... is similar to the maritime contract in *Exxon* where Exxon promised to supply fuel even if by way of a third party." *Id.*

12.    While FFAs do seek to minimize financial risk, the risk they seek to minimize is of fluctuating ocean freight rates for specific groups of vessels traveling identified and agreed to ocean routes. The financial nature of these transactions does not compromise their maritime status. As indicated above, maritime jurisdiction explicitly includes maritime "transactions" that relate to maritime "commerce."

13.    During the course of the Agreements, a dispute arose between the parties regarding Defendant's failure to pay the losses sustained by it in breach of the Agreements.

14.    As a result of Defendant's breach of the Agreements, Plaintiff has sustained damages in the total principal amount of **$5,139,558.58**, exclusive of interest, arbitration costs and attorneys fees. *See Demand for Payment and Invoices attached hereto as Exhibit "1."*

15.    Pursuant to clause 16 of both Agreements, all disputes arising thereunder are to be construed in accordance with English law and subject to the non-exclusive jurisdiction of the High Court of Justice in London, England, and Plaintiff will soon commence court proceedings pursuant to the Agreements.

16.    Despite due demand, Defendant has failed to pay the amounts due and owing under the Agreements.

17.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party

under English Law.  As best as can now be estimated, Plaintiff expects to recover the following

amounts:

|  |  |  |
|---|---|---|
| A. | Principal claim: | $5,139,558.58 |
| B. | Estimated interest on claim: 3 years at 6.5% | $1,097,922.51 |
| C. | Estimated Attorneys' Fees and Expenses: | $200,000.00 |
| **Total** | | **$6,437,481.09** |

18.    The Defendant cannot be found within this District within the meaning of

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal

Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees including, but not limited to, ABN Amro, American Express

Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA

Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are

believed to be due and owing to the Defendant.

19.    The Plaintiff seeks an order from this court directing the Clerk of Court to

issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental

Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the

Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over

the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear

and answer under oath all and singular the matters alleged in the Amended Complaint;

B.    That since the Defendant cannot be found within this District pursuant to
Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue
an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment
pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims,
attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies,
tangible or intangible, or any other funds held by any garnishee, including, but not limited to,
ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche
Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or
Wachovia Bank N.A., which are due and owing to the Defendant, in the amount of
**$6,437,481.09** calculated to date to secure the Plaintiff's claims, and that all persons claiming
any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B
answer the matters alleged in the Amended Complaint;

C.    That this Court recognize and confirm any arbitration awards or judgments
rendered on the claims had herein as Judgments of this Court;

D.    That this Court retain jurisdiction over this matter through the entry of any
judgments or awards associated with any of the claims currently pending, or which may be
initiated in the future, including any appeals thereof; and

E.    That the Plaintiffs have such other, further and different relief as the Court

may deem just and proper.

Dated: New York, New York
       November 1, 2007

The Plaintiff,
SETSEA SPA,

By:
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )

                     )    ss.:    Town of Southport

County of Fairfield    )

1.    My name is Lauren C. Davies.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney with the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4.    I have read the foregoing Verified Amended Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        Southport, CT
                November 1, 2007

                                      _____
                                        Lauren C. Davies

# EXHIBIT 1

S T U D I O   L E G A L E   C A S T A L D O
A S S O C I A Z I O N E   P R O F E S S I O N A L E

AVV. BRUNO CASTALDO
AVV. GENNARO BORRIELLO
AVV. ALFONSO MAGLIULO
AVV. STEFANO CASTALDO

VICTOR SOTUNDE LL.B
DR. ALBERTO ESPOSITO

80133 NAPOLI
VIA A. DEPRETIS, 114
TEL.: +390815523200 PBX
TELEFAX: +390815510776
studiocastaldo@studiocastaldo.net

## TRANSMISSION BY FAX

**Date**        : 17 October 2007

**To**          : Source Link Shipping Co. Ltd BVI
                   c/o Source Link Co, China
**Attn**        : Mr Tony Tao
**Fax no.**     : 008625 8681 6522

**Our Ref.**  : 07/VS/Soc
**Number of pages this one included: 8**

                                             **URGENT**

**Re: Forward Freight Rate Agreements dated 22.1.2007 (ref: 7.1022.6 Nk. Ea) and 13.12.2006
(ref: 517710)**

As you will recall from our fax/email of 7 May 2007, we are lawyers acting for Messrs Setsea SpA and we have been instructed to assist them in the recovery of sums due to them from you pursuant to the Forward Freight Agreements referred to above.

Subsequent to our above message to you, we understand that in addition to our clients invoices no. 29/2007 and 27/2007 dated 30.4.2007 (from which you will recall that a total sum of US$1,602,691.50 was due to our clients), further sums became due to our clients under the FFA contracts as evidenced from the following further invoices sent to you;

Invoice no. 36/2007 for US$636,559.17
Invoice no. 47/2007 for US$560,167.86
Invoice no. 39/2007 for US$1,497,963.55
Invoice no. 50/2007 for US$842,176.43

The total amounts due to our clients pursuant to the above invoices (copies of which are attached) amount to US$5,139,558.58. To our clients utmost disappointment, the aforementioned amount still remains unpaid. Pursuant to the regulating agreement between you and our clients, sums due and payable to any of the contracting parties must be paid without delay. As there is clearly no defence or justifiable reason for your non payment, we hereby demand that the sum of US$5,139,558.58 is now paid without further delay. Please note that should we not receive confirmation of payment by return, our clients may have no other option than to consider commencing legal action against you and/or taking further steps as they feel convenient/necessary to safeguard their interests.

PARTITA I.V.A.: 07392020637

We do hope that it will not be necessary for this matter to continue beyond this letter and we accordingly await your urgent confirmation of payment.

Kind regards

Victor Sotunde



**SETSEA S.p.A.**
società unipersonale

*shipping    company*

Cap. Soc.  € 500.000,00 i.v.

Spett.le        Messers.
Source Link Shipping Co. LTD BVI
  15d Deji Mansion
  188 Changjiang Road
  210018 Nanjing
  P.R China

Torre del Greco, 30st April

Invoice n              27 /2007

| FFA Dated    13-dic-06 | Average 4 Panamax T/C Route from April 2007 to |
| Contratto n.    517710 | December 2007 |

Due to us as difference between the contract rate
and settlement price as follows:

| | |
|---|---|
| Seller | Source Link Shipping Co. LTD BVI |
| Buyer | SetSea S.p.A. - Società Unipersonale - |
| Contract rate Long Position (Fixed Price) | US$      28.000,00 |
| Trading month | apr-07 |
| Average price | US$    43.538,4079 |

| | | | | | |
|---|---|---|---|---|---|
| **Difference Rate** | | | | = US$ | **15.538,41** |
| US$ | 15.538,41 | * | 30 | days | = US$ | **466.152,24** |

At the exchange rate of Euro/US$            1,3605

                                                        Euro    **342.633,03**

which please remit in US$ in favour of    SETSEA S.p.A.
                                          VIA MARCONI N. 58 TORRE DEL GRECO (NA)
                                          BANCA POPOLARE DELL'ETRURIA E DEL LAZIO
IBAN                                      IT06 W053 9001 6000 0907 8000 060

Operazione esente IVA art 10
- US$      466.152,24
DPR 633 del 26 ottobre 1972 e successive modifiche

0 1 06 034031 719 1

Via G. Marconi, 58 - 80059 Torre del Greco (Na) - P. IVA 07219191009 - R.E.A. 704195
Ph.: *chartering dept.* +39 81 8817829 • *accounting dept.* +39 81 3580279 - Fax: +39 81 8829004
Tlx: 05194076014 SETS G - Post Office Box n° 192 - e-mail: info@setsea.com

**SETSEA** S.p.A.
società unipersonale

*shipping   company*

Cap. Soc.  € 500.000,00 i.v.

THE LEMBO

Spett.le      Messers.
**Source Link Shipping Co. LTD BVI**
   **15d Deji Mansion**
   **188 Changjiang Road**
   **210018 Nanjing**
   **P.R China**
**Torre del Greco, 30st April**

Invoice n        **29 /2007**

| FFA Dated  **22-gen-07** | Last BCI Days from April 2007 to |
|---|---|
| Contratto n.  **7-1022-6 Nk.Ea** | December 2007 |

Due to us as difference between the contract rate
and settlement price as follows:

**Seller**                              Source Link Shipping Co. LTD BVI
**Buyer**                               SetSea S.p.A. - Società Unipersonale -
**Contract rate Long Position (Fixed Price)**   US$      59.500,00
**Trading month**                       apr-07
**Average price**                       US$      97.384,6447

**Difference Rate**                                      = US$        **37.884,64**
US$        37.884,64        *      30      days        = US$     **1.136.539,34**

At the exchange rate of Euro/US$        1,3605

                                             Euro     **835.383,57**

which please remit in US$ in favour of        SETSEA S.p.A.
                                               VIA MARCONI N. 58 TORRE DEL GRECO (NA)
                                               BANCA POPOLARE DELL'ETRURIA E DEL LAZIO
IBAN                                           IT06 W053 9001 6000 0007 8000 060

| Operazione esente IVA art 10 |
|---|
| US$     1.136.539,34 |
| DPR 633 del 26 ottobre 1972 e successive modifiche |



0 1 06 034031 718 0

Via G. Marconi, 58 - 80059 Torre del Greco (Na) - P. IVA 07219191009 - R.E.A. 704195
Ph.: *chartering dept.* +39 81 8817829 • *accounting dept.* +39 81 3580279 - Fax: +39 81 8829004
Tlx: 05194076014 SETS G - Post Office Box n° 192 - e-mail: info@setsea.com

# SETSEA S.p.A.
### società unipersonale
## shipping    company
Cap. Soc.  € 500.000,00 i.v.

THE LEMBO

Spett.le    Messers.
Source Link Shipping Co. LTD BVI
15d Deji Mansion
188 Changjiang Road
210018 NANJING
P.R China

Torre del Greco, 31st May

Invoice n              36 /2007

| FFA Dated | 13-dic-06 | Average 4 Panamax T/C Route from April 2007 to |
|---|---|---|
| Contratto n. | 517710 | December 2007 |

Due to us as difference between the contract rate
and settlement price as follows:

Seller                                    Source Link Shipping Co. LTD BVI
Buyer                                     SetSea S.p.A. - Società Unipersonale -
Contract rate Long Position (Fixed Price)   US$    28.000,00
Trading month                             mag-07
Average price                             US$    48.534,1667

Difference Rate                                          = US$     20.534,17
US$        20.534,17        *     31      days          = US$    636.559,17

At the exchange rate of Euro/US$ .          1,3453

                                              Euro     473.172,65

which please remit in US$ in favour of    SETSEA S.p.A.
                                          VIA MARCONI N. 58 TORRE DEL GRECO (NA)
                                          BANCA POPOLARE DELL'ETRURIA E DEL LAZIO
IBAN                                      IT06 W053 9001 6000 0007 8000 060

Operazione esente IVA art 10
    US$       636.559,17
DPR 633 del 26 ottobre 1972 e successive modifiche

0 1 06 034043 417 1        31 MAG 2007

Via G. Marconi, 58 - 80059 Torre del Greco (Na) - P. IVA 07219191009 - R.E.A. 704195
Ph.: chartering dept. +39 81 8817829 • accounting dept. +39 81 3580279 - Fax: +39 81 8829004

# SETSEA S.p.A.
società unipersonale

## shipping    company

Cap. Soc.  € 500.000,00 i.v.

Spett.le      Messers.
**Source Link Shipping Co. LTD BVI**
   **15d Deji Mansion**
   **188 Changjiang Road**
   **210018 Nanjing**
   **P.R China**

Torre del Greco, 29st June

Invoice n            47 /2007

| FFA Dated    13-dic-06 | Average 4 Panamax T/C Route from April 2007 to |
|---|---|
| Contratto n.    **517710** | December 2007 |

Due to us as difference between the contract rate
and settlement price as follows:

| | |
|---|---|
| Seller | Source Link Shipping Co. LTD BVI |
| Buyer | SetSea S.p.A. - Società Unipersonale - |
| Contract rate Long Position (Fixed Price) | US$    28.000,00 |
| Trading month | giu-07 |
| Average price | US$    46.672,26 |

| | | | | | |
|---|---|---|---|---|---|
| **Difference Rate** | | | | = US$ | **18.672,26** |
| US$ | 18.672,26 | * | 30 | days    = US$ | **560.167,86** |

At the exchange rate of Euro/US$          1,3505

                                                                    Euro      **414.785,53**

which please remit in US$ in favour of    SETSEA S.p.A.
                                           VIA MARCONI N. 58 TORRE DEL GRECO (NA)
                                           BANCA POPOLARE DELL'ETRURIA E DEL LAZIO
IBAN                                       IT06 W053 9001 6000 0007 8000 060

Operazione esente IVA art 10
    US$          560.167,86
DPR 633 del 26 ottobre 1972 e successive modifiche



Via G. Marconi, 58 - 80059 Torre del Greco (Na) - P. IVA 07219191009 - R.E.A. 704195
Ph.: *chartering dept.* +39 81 8817829 • *accounting dept.* +39 81 3580279 - Fax: +39 81 8829004
Tlx: 051940760014 SETS G - Post Office Box n° 192 - e-mail: info@setsea.com



**SETSEA S.p.A.**
società unipersonale

*shipping   company*

Cap. Soc.  € 500.000,00 i.v.

Spett.le       Messers.
Source Link Shipping Co. LTD BVI
  15d Deji Mansion
  188 Changjiang Road
  210018 Nanjing
  P.R China
Torre del Greco, 31st May

Invoice n        39 /2007

| FFA Dated      22-gen-07 | Last BCI Days from April 2007 to |
|---|---|
| Contratto n.   7-1022-6 Nk.Ea | December 2007 |

Due to us as difference between the contract rate
and settlement price as follows:

Seller                                    Source Link Shipping Co. LTD BVI
Buyer                                     SetSea S.p.A. - Società Unipersonale -
Contract rate Long Position (Fixed Price)   US$      59.500,00
Trading month                             mag-07
Average price                             US$    107.821,4048

Difference Rate                                    = US$        48.321,40
US$       48.321,40      *     31     days          = US$     1.497.963,55

At the exchange rate of Euro/US$          1,3453

                                               Euro     1.113.479,19

which please remit in US$ in favour of    SETSEA S.p.A.
                                          VIA MARCONI N. 58 TORRE DEL GRECO (NA)
                                          BANCA POPOLARE DELL'ETRURIA E DEL LAZIO
IBAN                                      IT06 W053 9001 6000 0007 8000 060

Operazione esente IVA art 10
  US$     1.497.963,55
DPR 633 del 26 ottobre 1972 e successive modifiche



# SETSEA S.p.A.
### società unipersonale

*shipping    company*

Cap. Soc. € 500.000,00 i.v.

THE LEMBO

Spett.le    Messers.
**Source Link Shipping Co. LTD BVI**
**15d Deji Mansion**
**188 Changjiang Road**
**210018 Nanjing**
**P.R China**

Torre del Greco, 29st June

**Invoice n          50 /2007**

| FFA Dated    22-gen-07 | Last BCI Days from April 2007 to |
|---|---|
| Contratto n.    7-1022-6 Nk.Ea | December 2007 |

Due to us as difference between the contract rate
and settlement price as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| **Seller** | | | Source Link Shipping Co. LTD BVI | | | |
| **Buyer** | | | SetSea S.p.A. - Società Unipersonale - | | | |
| **Contract rate Long Position (Fixed Price)** | | | US$ | 59.500,00 | | |
| **Trading month** | | | giu-07 | | | |
| **Average price** | | | US$ | 87.572,5476 | | |
| | | | | | | |
| **Difference Rate** | | | | | = US$ | **28.072,55** |
| US$ | 28.072,55 | * | 30 | days | = US$ | **842.176,43** |
| | | | | | | |
| **At the exchange rate of Euro/US$** | | | 1,3505 | | | |
| | | | | | Euro | **623.603,43** |

which please remit in US$ in favour of    SETSEA S.p.A.
VIA MARCONI N. 58 TORRE DEL GRECO (NA)
BANCA POPOLARE DELL'ETRURIA E DEL LAZIO
IBAN    IT06 W053 9001 6000 0007 8000 060

| Operazione esente IVA art 10 |
|---|
| US$    842.176,43 |
| DPR 633 del 26 ottobre 1972 e successive modifiche |

Via G. Marconi, 58 - 80059 Torre del Greco (Na) - P. IVA 07219191009 - R.E.A. 704195
Ph.: *chartering dept.* +39 81 8817829 • *accounting dept.* +39 81 3580279 - Fax: +39 81 8829004
Tlx: 05194076014 SETS G - Post Office Box n° 192 - e-mail: info@setsea.com